FILED
United States Court of Appeals
Tenth Circuit

April 14, 2010

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

HARRY J. SAMUELS,

        Plaintiff-Appellant,

v.

JOHN E. POTTER, Postmaster
General, United States Postal Service,

        Defendant-Appellee.

No. 09-1217
(D.C. No. 1:08-CV-00360-LTB-MEH)
(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **LUCERO**, **PORFILIO**, and **MURPHY**, Circuit Judges.

Plaintiff Harry J. Samuels appeals from the entry of summary judgment in

favor of the defendant Postmaster General of the United States Postal Service on

Mr. Samuels' claims of employment discrimination and retaliation. Mr. Samuels

has limited this appeal to his claims regarding two alleged incidents of retaliation,

---

[*]     After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is
therefore ordered submitted without oral argument. This order and judgment is
not binding precedent, except under the doctrines of law of the case, res judicata,
and collateral estoppel. It may be cited, however, for its persuasive value
consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

involving his temporary placement on one day's AWOL status for an unapproved absence, and an alleged physical altercation with a supervisor. We affirm for substantially the reasons stated in the district court's order of March 18, 2009.

**AWOL Claim**

Mr. Samuels contends the district court erred in dismissing his claim over the AWOL incident for not satisfying one of the three elements of a prima facie case of retaliation. The employee must show (1) he engaged in protected activity; (2) he suffered a materially adverse action; and (3) there was a causal connection between the protected activity and the adverse action. *Timmerman v. U.S. Bank, N.A.*, 483 F.3d 1106, 1122-23 (10th Cir. 2007). For purposes of the second element, actions are materially adverse if they are "harmful to the point that they could well dissuade a reasonable worker from making or supporting a charge of discrimination." *Burlington N. & Santa Fe Ry. v. White*, 548 U.S. 53, 57 (2006). The district court held that Mr. Samuels failed to demonstrate a triable issue on this point. We agree.

The above standard for material adversity "is sensitive to the particular circumstances of each case." *Semsroth v. City of Wichita*, 555 F.3d 1182, 1184 (10th Cir. 2009). In rejecting Mr. Samuels' overlapping claims of age and race discrimination for the same incident, the district court held that his supervisor was authorized by Postal Service regulations to place him on AWOL status: he had not obtained prior approval for the absence as required by the Postal Service

Employee Labor Relations Manual, which ascribes AWOL status to employees for such omissions. *See* Aplt. App. at 178. This ruling has not been challenged.[1] In addition, Mr. Samuels was allowed to submit a retroactive leave request a few weeks later, recovering pay for the day and expunging the AWOL citation, so the materiality analysis must also take into account the temporary and ultimately inconsequential nature of the citation. Accordingly, the case-specific inquiry here becomes: would the receipt of an authorized citation for an unexcused absence, shortly thereafter expunged by allowance of a retroactive leave request, dissuade a reasonable worker from making or supporting charges of discrimination against his employer? We agree with the district court that this does not constitute a triable issue of material adversity.

---

[1] While this ruling was made specifically in connection with Mr. Samuel's claims of race and age discrimination, his established failure to undermine as pretextual the legitimate justification given for his AWOL status should be equally dispositive of the retaliation claim. *See, e.g.*, *Twymon v. Wells Fargo & Co.,* 462 F.3d 925, 936 (8th Cir. 2006); *Nawrot v. CPC Int'l*, 277 F.3d 896, 905 (7th Cir. 2002); *Coutu v. Martin County Bd. of County Comm'rs*, 47 F.3d 1068, 1075 n.54 (11th Cir. 1995). Thus, by leaving this ruling unchallenged on appeal, Mr. Samuels arguably forfeited appellate relief on his retaliation claim, regardless of the merit of his challenge to the ruling on the insufficiency of his prima facie case: "where a district court's disposition rests on alternative and adequate grounds, a party who, in challenging that disposition, only argues that one alternative is erroneous necessarily loses because the second alternative stands as an independent and adequate basis, regardless of the correctness of the first alternative." *Shook v. Bd. of County Comm'rs*, 543 F.3d 597, 613 n.7 (10th Cir. 2008). We need not rely conclusively on this forfeiture, however, as we in any event agree with the district court's ruling on the prima facie case.

**Physical Altercation**

Another in the list of actions allegedly taken by USPS that Mr. Samuels broadly attributed to discriminatory and/or retaliatory animus was that USPS had allowed a different supervisor to "physically threaten him by putting his hands on him and pointing a finger in his face." Aplt. App. at 8. In an affidavit he added a little clarification about the physical nature of the altercation but nothing about its surrounding circumstances, stating only that the supervisor "assaulted me by pushing me on the back of my shoulder and pointing his finger in my face." *Id.* at 114. We certainly do not discount the impropriety of any unwanted physical contact in the workplace,[2] but propriety per se is not the inquiry here. Rather, we must ask whether the contact alleged might well have dissuaded a reasonable worker from complaining about discrimination. On that score, we agree with the district court that a triable issue was not made out on our record.[3]

---

[2]    We note that the occurrence of the alleged incident is disputed and has only been assumed for purposes of summary judgment.

[3]    Mr. Samuels notes in passing that the district court did not discuss a disciplinary warning issued by the same supervisor over Mr. Samuels' failure to follow instructions. Aplt. Opening Br. at 4 n.1. Presumably, the court recognized that this separate matter was only challenged for lack of just cause in a grievance, Aplt. App. at 100, 128-29, and not included as part of the charge of retaliation and discrimination pursued in the EEO proceedings for the claims here, *see id.* at 44-45, 100, 145. In any event, Mr. Samuels' brief does not frame any argument in this regard requiring further consideration on appeal. *See, e.g., Fuerschbach v. Southwest Airlines Co.*, 439 F.3d 1197, 1209-10 (10th Cir. 2006); *Thomas v. Gibson*, 218 F.3d 1213, 1220 n.4 (10th Cir. 2000).

Three points lead us to that conclusion. First, this court has acknowledged on numerous occasions that the anti-discrimination laws do not license courts to police the workplace for each and every deviation from social standards of proper interpersonal conduct. In the context of alleged retaliation, we have repeatedly held that, unless pervasive, incidents of rudeness, ridicule, unruly behavior, and angry outbursts allegedly prompted by past complaints are not sufficient to satisfy the material-adversity standard. *See Somoza v. Univ. of Denver*, 513 F.3d 1206, 1214-15 (10th Cir. 2008) (discussing several of this circuit's cases). The incident Mr. Samuels alleged here, insofar as it involved offensively pointing a finger in his face, clearly falls within this line of precedent.

The push to the back of his shoulder may have taken the incident a step further, but not enough to cross the line and raise a triable issue of material adversity. That conclusion is bolstered by the other two points alluded to above. One is the fact that there is no showing that the altercation here included any *threat regarding subsequent complaints about discrimination*. While minor slights prompted by workplace relationships strained by past complaints may not have much impact on a worker's later seeking redress for discrimination, they might well carry more dissuasive force if accompanied by an express threat of (potentially more substantial) retaliation for further complaints. The other point, emphasized by the district court, is that Mr. Samuels kept up his workplace complaints following the alleged altercation. While this alone is not, of course,

-5-

dispositive of the objective material-adversity inquiry, it does "shed light as to whether the [employer's] actions are sufficiently material and adverse to be actionable." *Id.* at 1214. Moreover, there is no showing of any resumed physical hostility by the supervisor following the continuation of Mr. Samuel's workplace complaints.

In sum, Mr. Samuels failed to demonstrate a triable issue on the element of material adversity with respect to either of his distinct allegations of retaliation. Assuming such allegations may be combined in the material-adversity analysis where, as here, different supervisors were involved and there is no showing of concerted action, the aggregate effect of the two incidents under review does not alter our conclusion. The district court properly entered summary judgment against Mr. Samuels on his claims of retaliation.

The judgment of the district court is AFFIRMED.

Entered for the Court

John C. Porfilio
Circuit Judge